UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MWW GROUP HOLDING COMPANY LLC d/b/a MIKEWORLDWIDE,<br><br>Plaintiff,<br><br>v.<br><br>EVERYWHERE, LLC and DANICA KOMBOL,<br><br>Defendants. | Civil Action No.:<br><br><br>COMPLAINT |

Plaintiff MWW Holding Company LLC d/b/a MikeWorldWide, by and through its attorneys, hereby files this complaint against Defendants Everywhere, LLC and Danica Kombol (collectively "Defendants") and alleges as follows:

## I. THE PARTIES

1. Plaintiff MWW Group Holding Company LLC ("MikeWorldWide" and/or "Plaintiff") is a limited liability company duly incorporated and existing under the laws of the State of Delaware, with its headquarters located at One Meadowlands Plaza, East Rutherford, New Jersey 07073 and another office located at 1250 Broadway, Third Floor, New York, NY 10001.

2. Defendant Everywhere, LLC is a limited liability company duly incorporated and existing under the laws of the State of Georgia, with its principal office at 154 Krog Street, Suite 130, Atlanta, GA, 30307.

3. Defendant Danica Kombol is an individual who, upon information and belief, resides at 653 Clifton Road Northeast Atlanta, GA 30307 and, at the time of the events giving rise to this action, owned a 100% membership interest in Defendant Everywhere, LLC.

## II. JURISDICTION AND VENUE

4. There is complete diversity of citizenship between Plaintiff MikeWorldWide, who is citizen of New Jersey, and Defendants Everywhere, LLC and Danica Kombol, who are citizens of Georgia.

5. The amount in controversy exceeds $75,000.

6. This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. During the transaction giving rise to the claims set forth herein, as discussed more fully below, the events leading up to this lawsuit include, among other things, numerous emails and telephone and calls between Defendants and individuals located in the State of New York as well as a visit by Defendant Danica Kombol Plaintiff's office in the State of New York.

8. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. The parties to this action have also signed the Asset Purchase Agreement which provides as follows:

> Each party hereby irrevocably submits to the exclusive jurisdiction of the United States District Court for the Southern District of New York or any court of the State of New York located in New York County in any action, suit or proceeding arising out of or relating to this Agreement or any of the transactions contemplated hereby, and agrees that any such action, suit or proceeding shall be brought only in such court. Each party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such action, suit or proceeding brought in such a court and any claim that any such action, suit or proceeding brought in such a court has been brought in an inconvenient forum. in which they agreed to "irrevocably submit[] to the exclusive jurisdiction of the Southern District of New York or any court of the State of New York located in New York County."

### III.  FACTUAL ALLEGATIONS

10. MikeWorldWide is a leading independent, integrated public relations agency with a global network of partners and talent hubs across the United States and the United Kingdom.

11. Prior to 2021, Everywhere, LLC was an active public relations and marketing agency with a focus on influencer marketing.

12. Danica Kombol is the Founder and C.E.O. of Everywhere, LLC.

13. Throughout much of 2020, the parties discussed a possible purchase by MikeWorldWide of certain of Everywhere, LLC's assets.

14. The discussions took place over email and telephone and also included a January 16, 2020 visit by Danica Kombol to MikeWorldWide's offices located at 304 Park Ave. S., New York, NY 10010.

15. On or about November 24, 2020 (the "Purchase Date"), the parties in this action entered a certain Asset Purchase Agreement.

16. Pursuant to the Asset Purchase Agreement, Everywhere, LLC sold to MikeWorldWide certain of Everywhere, LLC's assets.

17. In addition, the Asset Purchase Agreement provides that:

> [Everywhere, LLC and Danika Kombol] will, from time to time, at the request of the Purchaser, whether at or after the Closing Date, execute and deliver such other and further instruments of conveyance, assignment, transfer and consent as the Purchaser or its counsel may reasonably require for the more effectual conveyance, assignment and transfer of the Assets to the Purchaser, and the Company and the Principal will assist the Purchaser in the collection and reduction to possession of the Assets.

18. The assets purchased by MikeWorldWide under the Asset Purchase Agreement include, among other things, certain active client contracts owned by Everywhere, LLC "and any other agreements or commitments with such clients" ("Client Contracts").

19. In other words, upon the Purchase Date, the following was transferred from Everywhere, LLC to MikeWorldWide under the Asset Purchase Agreement:

   a. the obligation to perform services as required by the Client Contracts;

   b. the obligation to refund any fees paid for services contemplated under the Client Contracts but which are no longer required; and

      c. the right to collect agency fees paid and/or owed for work that had not been performed as of the Purchase Date.

20. As of the Purchase Date, $257,675 in fees were owed and/or had been paid to Everywhere, LLC pursuant to the Client Contracts.

21. Of that amount, $124,765 represents fees owed and/or paid in exchange for services that had not been performed as of the Purchase Date.

22. In other words, Everywhere, LLC has collected and/or billed for $124,765 in fees associated with services MikeWorldWide performed and/or became obligated to perform as of the Purchase Date.

23. Moreover, to the extent clients no longer require the services contemplated under their respective Client Contracts, MikeWorldWide is obligated to refund such fees.

24. Since the Purchase Date, MikeWorldWide has, on a number of occasions, requested that Defendants pay the $124,765 in fees paid and/or billed in connection with services that had not been performed as of the Purchase Date.

25. Defendants have denied MikeWorldWide's requests, depriving MikeWorldWide of a right it acquired as of the Purchase Date.

26. MikeWorldWide has filed this complaint to enforce its rights.

### IV. CAUSES OF ACTION

FIRST CAUSE OF ACTION: BREACH OF CONTRACT

27. The foregoing paragraphs are incorporated herein in their entirety as if fully set forth in full.

28. The parties entered a contract, whereby, among other things:

a. Everywhere, LLC agreed to transfer to MikeWorldWide certain assets, including certain client contracts "and any other agreements or commitments with" the clients associated with those contracts;

b. Danica Kombol agreed to assist MikeWorldWide with the transfer of any assets purchased under the contract; and

c. MikeWorldWide agreed to, among other things, pay for the assets.

32. In acquiring client contracts "and any other agreements or commitments with" the clients associated with those contracts, MikeWorldWide acquired the right to collect fees paid and/or owed in connection with services that, as of the Purchase Date, had not been performed.

33. In failing to transfer to MikeWorldWide fees paid and/or owed in connection with services that had not been performed as the Purchase Date, Everywhere, LLC has breached its contract with MikeWorldWide.

34. In failing to assist MikeWorldWide with the collection of fees paid and/or billed in connection with services that had not been performed as of the Purchase Date, Danika Kombol breached her contract with MikeWorldWide.

35. As a direct and proximate result of Defendants' breaches, Plaintiff has incurred damages and costs in the amount of $124,765, plus interest, counsel fees and costs, and is entitled to full repayment thereof.

WHEREFORE, Plaintiff demands judgment against Defendants for damages together with interest, counsel fees and costs, and such other and further relief as the Court deems just and proper.

SECOND CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. The foregoing paragraphs are incorporated herein in their entirety as if fully set forth in full.

37. The parties entered a contract, whereby Everywhere, LLC agreed to sell certain assets to MikeWorldWide and Danica Kombol agreed to, among other things, assist with the transfer of those assets.

38. In every contract, there is an implied covenant of good faith and fair dealing imposed on each party.

39. MikeWorldWide paid for the assets it purchased under its contract with Everywhere, LLC and Danica Kombol, but Everywhere, LLC failed to transfer all such assets to MikeWorldWide, and Danica Kombol failed to assist MikeWorldWide with the transfer of such assets.

40. In failing to transfer to MikeWorldWide fees paid and/or owed in connection with services that had not been performed as the Purchase Date, Everywhere, LLC impeded MikeWorldWide's right to receive the "fruits" of the contract.

41. In failing to assist with the transfer to MikeWorldWide fees paid and/or owed in connection with services that had not been performed as the Purchase Date, Danica Kombol impeded MikeWorldWide's right to receive the "fruits" of the contract.

42.   As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, MikeWorldWide has incurred damages and costs in the amount of $124,765, plus interest, counsel fees and costs, and is entitled to full repayment thereof.

WHEREFORE, Plaintiff demands judgment against Defendants for damages together with interest, counsel fees and costs, and such other and further relief as the Court deems just and proper.

THIRD CAUSE OF ACTION: UNJUST ENRICHMENT AND QUANTUM MERUIT

43.   The foregoing paragraphs are incorporated herein in their entirety as if fully set forth in full.

44.   Everywhere, LLC agreed to sell certain assets to MikeWorldWide.

45.   Danica Kombol agreed to assist with the transfer of assets from Everywhere, LLC to MikeWorldWide.

46.   Everywhere, LLC failed transfer the purchased assets to MikeWorldWide.

47.   Danica Kombol failed to assist with the transfer of the purchased assets to MikeWorldWide.

48.   MikeWorldWide paid Everywhere, LLC for the assets it agreed to purchase.

49.   Thus, Defendants have been accorded a substantial benefit, the retention of which would be unjust under circumstances.

50.   As a direct and proximate result of Defendants' breach, Plaintiff has incurred damages and costs in the amount of $124,765, plus interest, counsel fees and costs, and is entitled to full repayment thereof.

WHEREFORE, Plaintiff demands judgment against Defendants for damages together with interest, counsel fees and costs, and such other and further relief as the Court deems just and proper.

Date: November 8, 2022

**FREEMAN MATHIS & GARY LLP**
*Attorneys for Plaintiff,*
*MWW Group Holding Company, LLC.*

*/s/ Kaitlyn Grajek*
Kaitlyn Grajek, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001-1810
T: (973) 536-2007
kaitlyn.grajek@fmglaw.com